586 So.2d 170 (1991)
Willie W. RAGLAND
v.
STATE of Mississippi.
No. 89-KP-0836
Supreme Court of Mississippi.
September 11, 1991.
Rehearing Denied October 9, 1991.
*171 Willie W. Ragland, pro se.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Willie W. Ragland has appealed the order of the Hinds County Circuit Court dismissing his petition for relief under the Mississippi Uniform Post-Conviction Relief Act. We remand this matter to the circuit court of Sunflower County to determine whether Miss. Code Ann. § 99-39-9 (Supp. 1990) or Miss. Code Ann. § 99-39-11 (Supp. 1990) is applicable to his petition, and proceed accordingly.

FACTS
Ragland, who was serving a prison sentence of the circuit court of the First Judicial District of Hinds County for kidnapping, was released on parole in 1984 under a parole and probation agreement permitting him to move to Ohio and live with his sister. He was arrested in that state in 1987 for parole violation, and on April 15, 1988, by order of the court of common pleas of Montgomery County, Ohio, returned to this state. The Mississippi Parole Board on December 20, 1988, revoked his parole for violation of the conditions of his parole.
On April 27, 1989, Ragland filed a petition under our Uniform Post-Conviction Relief Act alleging violations of his Constitutional rights, and that there was not ground to revoke his parole. Because of our holding today, we do not detail the allegations of his petition.
The petition was filed in the circuit court of Sunflower County where the circuit judge by order entered May 1 transferred the cause to the circuit court of Hinds County.
The circuit judge of Hinds County, following review of the petition, by order entered May 17, 1989, directed the State to answer the petition on or before May 31, 1989. We find no record, however, of any answer or other pleading filed by the State.
On June 19, 1989, the circuit court of the First Judicial District of Hinds County entered the following order:

ORDER
This cause having come on to be heard on original motion together with all the files, records, transcripts, letters, and all correspondence relating to the judgement [sic] under attack and it plainly appearing from the motion, exhibits, and prior pleadings in the case that the movant is not entitled to the relief and the motion should be dismissed.
It is therefore ordered and adjudged that the Motion for Post Conviction Relief be and is hereby dismissed with prejudice.
SO ORDERED AND ADJUDGED this the 19[th] day of June, 1989.
Ragland has appealed.

LAW
By Chapter 378, Laws 1984, Miss. Code Ann. § 99-39-1, et seq., the Legislature *172 enacted the Mississippi Uniform Post-Conviction Relief Act (the Act) designed to encompass grounds for and forms of procedure whereby criminal convictions could be collaterally challenged and reviewed. No right of collateral review exists beyond that granted by this Act.
It is a misnomer to term Ragland's action a petition for post-conviction review because he does not challenge his conviction. He challenges the legality of his parole revocation. Ragland's attack is direct upon an administrative board's order upon which there has been no court review, not a collateral attack upon a terminated court case in which the book has been closed. Conceivably, he could have presented a case for court review aside from the Act.
We need not address the distinction, however, because the Legislature by Miss. Code Ann. § 99-39-5(1)(g) specifically covers Ragland's situation as well:
§ 99-39-5. Grounds for relief; time limitations.
(1) Any prisoner in custody under sentence of a court of record of the state of Mississippi who claims:
(g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody.
There is a three-year limitation period prescribed by Miss. Code Ann. § 99-39-5(2), but the final sentence of the paragraph excepts Ragland's petition from the limitation:
Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss. Code Ann. § 99-39-9 sets forth mandatory requirements of what any motion or petition filed by the prisoner must contain. Miss. Code Ann. § 99-39-9(4) sets out what the clerk and circuit judge should do when the petition or motion fails to meet these requirements:
(4) If the motion received by the clerk does not substantially comply with the requirements of this section, it shall be returned to the prisoner if a judge of the court so directs, together with a statement of the reason for its return. The clerk shall retain a copy of the motion so returned.
Even if the petition or motion contains all the information and meets the requirements under Miss. Code Ann. § 99-39-9, the circuit judge must still examine it to determine if it states a ground for relief. Miss. Code Ann. § 99-39-11(2) sets the standard for the circuit judge in making this determination:
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Miss. Code Ann. § 99-39-11(3) gives the next step when the motion or petition is not dismissed under the preceding Miss. Code Ann. § 99-39-11(2):
(3) If the motion is not dismissed under subsection 2 of this section, the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or take such other action as the judge deems appropriate.
The circuit court orders in this case are inconsistent. It would appear the circuit judge concluded that Ragland's petition met the requirements of Miss. Code Ann. § 99-39-9 as well as Miss. Code Ann. § 99-39-11(2) because his order of May 17, 1989, directed the State was directed to file an answer. Yet the court order of June 19, 1989, dismissed the petition because it failed to state any ground for relief. Moreover, we find no answer from the State in the record, although directed by court order to file such response.
If a motion or petition fails to meet the requirements of Miss. Code Ann. § 99-39-9 for failure to contain all mandated information or affidavits, the motion is returned to the prisoner with an opportunity to correct it by supplement or amendment. If it is dismissed under Miss. Code Ann. § 99-39-11, it is a court adjudication, a dismissal with prejudice, because Miss. Code Ann. § 99-39-23(6) provides that any dismissal *173 "shall be a bar to a second or successive motion under this chapter."
The state of this record requires that we remand this matter to the circuit court.
It would appear from this record that Ragland's petition may fail to satisfy the requirements of Miss. Code Ann. § 99-39-9, but if it meets these requirements, the circuit judge should conduct a hearing. We make no final determination of these questions, however, preferring that they be first addressed by the circuit judge on remand.
Ordinarily, a post-conviction relief motion should be filed in the circuit court of the county of conviction, Miss. Code Ann. § 99-39-7, which no doubt prompted the Sunflower County Circuit Court to transfer the cause to the Hinds County Circuit Court. As above noted, however, Ragland's petition is not an attack on his conviction, but upon an order of the parole board revoking his parole. It can be more conveniently considered and heard by the Sunflower County Circuit Court.
We therefore remand this cause to that court for proceedings consistent with this opinion.
REMANDED TO SUNFLOWER COUNTY CIRCUIT COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.