## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01869-SCT

*ALAN CHARLES REEDER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/12/1999 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KEITH ROBERTS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | KEITH MILLER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/19/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/10/2001 |

### BEFORE McRAE, P.J., DIAZ AND EASLEY, JJ.

### DIAZ, JUSTICE, FOR THE COURT:

¶1. On July 19, 1996, Alan Charles Reeder (Reeder) pled guilty to armed robbery and kidnapping. Accordingly, the Jackson County Circuit Court sentenced Reeder to a term of ten years in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole for armed robbery and to a term of ten years imprisonment for kidnapping, to run concurrently with the sentence imposed for armed robbery. On July 15, 1999, Reeder filed a petition seeking relief under the Uniform Post-Conviction Collateral Relief Act (the Act), Miss. Code Ann. §§ 99-39-1 to -119 (2000), alleging that he entered his guilty plea involuntarily. The circuit court entered an order on October 12, 1999, granting the State's motion for summary judgment. Reeder appeals that order contending (1) that he was denied due process by the trial court's failure to follow the procedural mandates of Miss. Code Ann. § 99-39-11 (2000), relying on M.R.C.P. 56 instead; and (2) alternatively, that the trial court abused its discretion in granting the summary judgment.

### FACTS

¶2. On February 2, 1996, a Jackson County grand jury indicted Alan Charles Reeder, Ernest Havier Espinoza, Monique Bianca Woods and Roosevelt Lewis, Jr., for the crimes of armed robbery, kidnapping, and burglary of an inhabited dwelling. Reeder pled guilty to armed robbery and kidnapping, and the State agreed to nol pros the burglary charge. At the hearing on his petition to enter a guilty plea, Reeder admitted that on November 24, 1995, he, along with Espinoza, Woods and Lewis, entered the home of Deborah Ann Harloe, demanding approximately twenty pounds of marijuana which they suspected Harloe possessed. After Harloe informed them that the marijuana was stored at a different location, Lewis and

Reeder accompanied her to retrieve it. Lewis and Reeder were unable to gain access to the home where Harloe stored the marijuana because it was equipped with an alarm. By the time they returned to Harloe's house, someone had called the police. Lewis and Reeder fled but were soon arrested.

¶3. Upon entry of his guilty plea, the Jackson County Circuit Court sentenced Reeder to a term of ten years in the custody of the MDOC without the possibility of parole for armed robbery and ten years imprisonment for kidnapping to run concurrently with the armed robbery sentence.

¶4. On July 15, 1999, Reeder filed a petition seeking relief under the Act, alleging he entered his guilty plea involuntarily. Three days prior to the hearing scheduled for October 15, 1999, the State filed a motion for summary judgment pursuant to M.R.C.P. 56, contending that Reeder's claims were meritless as evidenced by a review of the transcript from the hearing on his guilty plea. The circuit court entered an order granting the motion. It is this order from which Reeder appeals.

## STANDARD OF REVIEW

¶5. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." *Pickett v. State*, 751 So. 2d 1031, 1032 (Miss. 1999).

## DISCUSSION

### I. WHETHER THE TRIAL COURT DENIED REEDER DUE PROCESS BY FAILING TO FOLLOW THE PROCEDURAL MANDATES OF MISS. CODE ANN. § 99-39-11 AND INSTEAD PROCEEDING UNDER M.R.C.P. 56.

¶6. Reeder claims that the trial court denied him due process by failing to comply with the plain language of the Act. He maintains that under Miss. Code Ann. § 99-39-11, "the trial court was required to promptly dismiss or order the State to answer or file some other pleading, and then cause the matter to be set for an evidentiary hearing." He notes that the trial court granted summary judgment under M.R.C.P. 56 rather than ordering the State to file an answer. Reeder argues that, in post conviction matters, the trial court is limited to the powers granted it under §§ 99-39-11 and 99-39-19 and may not proceed under M.R.C.P. 56.

¶7. Miss. Code Ann. § 99-39-11 (2000) sets out the proper procedure for summary dismissal of a petition seeking post-conviction relief. The trial judge must promptly examine "the original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack." *Id.* If, after conducting such an examination, "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief . . . the judge may make an order for its dismissal and cause the prisoner to be notified." *Id.* Should the trial judge choose not to dismiss the petition, he "shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." *Id.*

¶8. If the trial judge goes beyond the materials enumerated in § 99-39-11 and receives affidavits or other evidence from the State, he may enter summary judgment against the petitioner under Miss. Code Ann. § 99-39-19 (2000). It provides "[i]f the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required,

the judge shall make such disposition of the motion as justice shall require." *Id.* Finally, "[t]he court may grant a motion by either party for summary judgment when it appears from the record that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Id.*

¶9. Three days before the scheduled evidentiary hearing, the State filed a Motion for Summary Judgment in which it refuted Reeder's allegations concerning the voluntariness of his guilty plea. The State moved "that upon review and study of the petition of Alan Charles Reeder and the exhibits that this court will enter an order dismissing the petition for post conviction relief without argument or further testimony." The trial court entered an order granting the State's motion, finding that "[o]n Motion of the State of Mississippi for Summary Judgment pursuant to Rule 56 of the Mississippi Rules of Civil Procedure and having reviewed that motion and the motion for Post Conviction Relief filed by the defendant, Alan Charles Reeder, the undersigned is of the opinion that the Summary Judgment should be and it is hereby granted in favor of the State of Mississippi and against the defendant, Alan Charles Reeder."

¶10. The central issue in this case is the proper characterization of the trial court's grant of summary judgment against Reeder. The State claims that though the trial judge purported to enter summary judgment against Reeder, in actuality, she summarily dismissed Reeder's petition pursuant to Miss. Code Ann. § 99-39-11. It contends, "[t]he Judge followed the requirements of the appropriate post-conviction relief statute, Section 99-39-11, M.C.A., which was not the civil summary judgment rule. This is confusing because the State moved for a summary judgment pursuant to Rule 56. The trial judge did, however, apply the most appropriate statute, despite reciting that she was granting summary judgment pursuant to Rule 56 . . . ."

¶11. Reeder's contentions regarding the characterization of the order granting summary judgment are less clear. It appears that he wishes this Court hold that a trial court may *never* grant summary judgment under M.R.C.P. 56 against a petitioner for post-conviction relief. Alternatively, he contends that if a trial court may enter summary judgment pursuant to M.R.C.P. 56, the trial judge in the instant case did not follow the procedural mandates of §§ 99-39-11 and 99-39-19 or those contained within M.R.C.P. 56 itself.

¶12. A review of the record reveals the trial court likely acted properly and in accordance with § 99-39-19 in granting a summary dismissal. We understand § 99-39-19 as authorizing the use of the summary judgment procedure found in M.R.C.P. 56. *Milam v. State*, 578 So. 2d 272, 273 (Miss. 1991). In that holding, we recognized that the "Mississippi Rules of Civil Procedure afford a regimen of limited applicability and governance of post-conviction proceedings such as this, that is, the Rules supplement the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1, et seq. (2000) and are available except where the act provides otherwise." *Id.* (citing *Neal v. State*, 525 So. 2d 1279, 1280-81 (Miss. 1987) (PCR Act's pleadings requirements supplement those in MRCP)). *See also Billiot v. State*, 515 So. 2d 1234, 1236-37 (Miss. 1987) (same)). Therefore, in fact, the trial court summarily dismissed the petition pursuant to § 99-39-19.

¶13. Reeder next contends that the trial court erred in failing to require the State to file an answer. Section 99-39-11 provides that if the trial court does not summarily dismiss the petition, "the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." In the present case, there is no evidence that the trial court ordered the State to take any action whatsoever.

¶14. We addressed this issue in *Holt v. State*, 650 So. 2d 1267, 1271 (Miss. 1994). In that case, an evidentiary hearing was conducted at which the petitioner and several witnesses appeared and testified. *Id.*

at 1269. The State did not file an answer to Holt's petition, though the current assistant district attorney, who represented Holt at trial, submitted an affidavit refuting Holt's allegations. *Id.* The trial court denied Holt post conviction relief. On appeal, Holt argued that § 99-39-11(3), mandated a response to his petition, relying on the language, "the judge shall order the state to file an answer or other pleading within the period of time fixed by the court. . . ." *Id.* at 1271. In affirming the trial court, we relied on the additional language of § 99-39-11(3) which allows the judge the option of requiring the State "to take such other action as the judge deems appropriate." We held that "[t]he statute does not require the trial judge to order the State to answer if he deems other action appropriate . . . A logical inference may be drawn that the trial judge considered the filing of the affidavit of Bullard . . . as the only 'other action deemed appropriate.'" *Id.*

¶15. In the instant case, there is no order from the trial judge directing the State to file an answer or any other pleading. It is unclear whether the trial judge in *Holt* ordered the assistant district attorney to file the affidavit or whether the assistant district attorney filed it of his own accord. Arguably, the motion for summary judgment filed by the State in the present case constituted the "other action" which the trial judge deemed appropriate.

¶16. In his dissenting opinion in *Holt*, Chief Justice Hawkins explained, "[a] motion, or petition, filed under the Act which is not summarily dismissed under Miss. Code Ann. § 99-39-11(2) becomes a civil lawsuit to be presented and handled as any other civil action, unless otherwise provided by the Act." *Id.* at 1276 (Hawkins, C.J., dissenting). He went on to note that"[i]f the statutes were not already sufficiently clear, *Ragland* further mandates that a petition not dismissed under Miss. Code Ann. § 99-39-11(2) requires some response by the State. *Id.* at 1275. In *Ragland v. State*, 586 So. 2d 170, 172 (Miss. 1991), the trial court directed the State to file an answer, and it failed to comply. In spite of that, the trial court dismissed the petition because it failed to state any ground for relief. *Id.* at 171. Because of the inconsistency of the trial court's orders in *Ragland*, along with the State's failure to file an answer, we reversed and remanded the case to the circuit court. *Id.* at 173. *See also Luckett v. State*, 582 So. 2d 428, 430 (Miss. 1991) ("no prejudice or ensuing error resulted from failure to require the state to file an answer").

¶17. In the instant case, the trial judge acted pursuant to Miss. Code Ann. § 99-39-19. *Holt* and the statute dictate that if the State does take some action and the trial judge deems it sufficient, no order is required.

¶18. Therefore, although the order states that the case was dismissed pursuant to M.R.C.P. 56, it is clear that the trial court met the requirements of the Uniform Post-Conviction Collateral Relief Act and summary dismissal was an appropriate action.

## II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING SUMMARY JUDGMENT AGAINST REEDER.

¶19. Since we have determined that the trial court followed the proper procedure in entering summary judgment against Reeder, we must now examine the merits of Reeder's petition. "Where the petitioner's version is belied by previous sworn testimony, for example, as to render his affidavit a sham we will allow summary judgment to stand." *Kirksey v. State*, 728 So. 2d 565, 567 (Miss. 1999).

¶20. URCCC 8.04(A)(4) provides that at the hearing on entry of a guilty plea, the court has the duty to address the defendant personally and inquire about the following:

a. That the accused is competent to understand the nature of the charge;

b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;

c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination . . . .

The constitutional standard for voluntariness of a guilty plea is as follows: "It is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty." **Smith v. State**, 636 So. 2d 1220, 1225 (Miss. 1994) (quoting *Henderson v. Morgan*, 426 U.S. 637, 653, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976)). Reeder proffers a litany of examples which he claims illustrate the involuntariness of his guilty plea.

A. Youth Court Record

¶21. During the plea colloquy, the trial court asked Reeder "[h]ave you ever been in trouble in youth court?" to which Reeder responded affirmatively. The trial court next asked Reeder "[w]ere you adjudicated a delinquent and sent to the training school here or put on probation?" Reeder answered that he had been put on probation and that the incident had occurred in Jackson County.

¶22. Reeder contends that this exchange rendered his guilty plea involuntary, because the trial court "intimidated him with its demand that he recite to the court his youth court record." He further notes that under Miss. Code Ann. § 43-21-261, his youth court records must remain confidential. However, the claim is without merit, as a circuit judge may consider a party's youth court record in sentencing him. Miss. Code Ann. § 43-21-261 provides in part: "[t]he judges of the circuit and county courts, and presentence investigators for the circuit courts, as provided in Section 47-7-9, shall have the right to inspect any youth court records of a person convicted of a crime for sentencing purposes only."

B. Maximum Sentence

¶23. Reeder also claims he was not advised of the maximum sentence he could receive upon pleading guilty to the crimes of burglary and kidnapping. Statements made during the plea colloquy belie his contentions. The trial judge asked Reeder, "[w]hat do you understand is the maximum punishment you could receive for these crimes?" Reeder responded "Life."

C. Probation and Parole

¶24. Reeder next complains that he was not informed prior to court that his sentence for armed robbery would be ten years without benefit of probation or parole. He notes that the petition to enter a guilty plea does not mention parole or probation, nor does it differentiate between the sentences for armed robbery and kidnapping. Rather, it merely provides that the State would recommend a sentence of ten years

¶25. The trial judge asked Reeder,"[d]o you understand that the State will make a recommendation as to a sentence in your case?" to which he responded affirmatively. She then asked Reeder, "[w]hat do you understand they will recommend?" Reeder answered, "Ten years." The following exchange then occurred

between the trial judge and the district attorney:

> BY THE COURT: Is that on each charge?
>
> BY MR. MILLER: Yes, ma'am.
>
> BY THE COURT: To run concurrently?
>
> BY MR. MILLER: Yes, ma'am.
>
> BY THE COURT: And the armed robbery, the ten years would be without parole.
>
> BY MR. MILLER: That's right . . . .

¶26. The trial judge clearly advised Reeder he would not be eligible for parole. She asked him "[s]o it's been explained to you that only a jury can give you life on cases like this?" Reeder answered affirmatively. The trial judge advised Reeder that if the jury were unable to agree on a sentence in the matter, the court would sentence him. She then told Reeder, "It would have to be something less than your life expectancy; but, because it is an armed robbery, *whatever sentence you got, you would have to serve it without parole. You have to serve each and every day of it.* Do you understand that?" (emphasis added). Reeder indicated he understood.

### D. Right to Stop Proceedings

¶27. Reeder next complains that the trial court failed to advise him that he had a right to stop or request postponement of the proceedings so he could ask questions about the change in sentencing offered by State. Neither URCCC 8.04 nor the constitutional standard provide for such a right. Moreover, the State made no change in sentencing other than proposing a fine which it immediately withdrew upon objection by Reeder's attorney.

### E. Failure to Advise of Sentence

¶28. Reeder contends he was denied effective assistance of counsel due to his attorney's failure to advise him that his sentence would be ten years without the benefit of parole. To demonstrate ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient, that the deficient performance prejudiced his defense, and that there is a reasonable probability that, but for counsel's errors, the result of the trial proceedings would have been different. *Foster v. State*, 687 So. 2d 1124, 1129 (Miss.1996) (applying *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). "A defendant who pleads guilty to a crime is 'prejudiced' by his counsel's erroneous advice if he would have insisted on going to trial if he had been correctly informed." *Alexander v. State,* 605 So. 2d 1170, 1173 (Miss. 1992). An allegation that a defendant has been incorrectly informed of sentence range is a question of fact that is to be resolved by the trial court. *Ward v. State*, 708 So. 2d 11, 15 (Miss. 1998). As discussed above, Reeder was aware of the sentence the State would recommend. Moreover, Reeder indicated he was satisfied with the services of his attorney. The defense counsel is presumed to have acted competently and the effectiveness of his or her efforts are determined on the basis of the totality of the circumstances. *Foster v. State*, 716 So. 2d 538, 541 (Miss. 1998).

### F. Failure to Advise as to Nature of Crimes, Possible Defenses, and Consequences of a Guilty Plea

¶29. Reeder next alleges that his attorney failed to advise him as to the nature of the charges against him, his possible defenses, and the consequences of entering a guilty plea. Reeder indicated at the hearing that he understood the charges against him.

¶30. If the defendant is advised regarding the nature of the charge against him and the consequences of the entry of the plea, it is considered "voluntary and intelligent." *Alexander v. State*, 605 So. 2d at 1172. In other words, the defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and protection against self-incrimination. *Id.*

¶31. The record reveals that the trial judge advised Reeder that if he pled guilty, he was waiving his right to a trial by jury. She further informed him that "after the State calls and questions their witnesses, you have the opportunity to confront those witnesses by what we call cross-examination." Finally, the trial judge advised Reeder that he had the right to remain silent throughout the trial. She then asked Reeder, "knowing all of the rights you're waiving this morning by pleading guilty, do you still want to plead guilty to these two charges?" Reeder responded affirmatively.

¶32. Though there is no indication in the record that Reeder's attorney advised him of the aforementioned rights he waived by pleading guilty, the trial judge did provide him with that information. A strong but rebuttable presumption exists that "counsel's conduct falls within a broad range of reasonable professional assistance." *McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990). To overcome this presumption, Reeder must show that he would have insisted on going to trial had he been correctly informed. *Alexander*, 605 So. 2d at 1173. Reeder was indicted for armed robbery, kidnapping, and burglary. Had he gone to trial, he faced the possibility of receiving two life sentences for the armed robbery and kidnapping and twenty-five years for burglary of an inhabited dwelling. Instead, Reeder received a ten-year sentence for armed robbery and a ten year sentence for kidnapping to run concurrently with the sentence imposed for armed robbery. Moreover, the State agreed to nol pros the burglary charge. Reeder has failed to establish that had his attorney advised him of the nature of the charges, his possible defenses, and the consequences of a guilty plea that he would have insisted on proceeding to trial.

### G. Failure to Advise of Right to Postpone Proceedings

¶33. Reeder maintains that once the State changed his proposed sentence by attempting to impose a fine, his attorney should have advised him of his right to postpone the proceedings or to ask questions about the proposed change. Reeder's claims are unfounded. The record reveals that once the State mentioned the proposed fine, Reeder's attorney objected and the State withdrew the fine.

### H. Failure to Point Out Disparity of Co-Indictees' Sentences

¶34. Reeder's three co-indictees, Woods, Lewis, and Espinoza, received sentences of three, five, and ten years respectively. Reeder contends his attorney should have pointed out to the trial court the disparity between the sentence imposed in his case and the sentences received by his co-indictees. Reeder ignores the fact that the trial court sentenced him some time before it sentenced his co-indictees. It would have been difficult for Reeder's attorney to point to a disparity that did not exist at the time of entry of Reeder's guilty plea.

¶35. Reeder next complains his counsel should have ensured Reeder entered his guilty plea at the same date and time as his co-indictees rather than coerce him into pleading guilty earlier. Such a feat is likely not within

counsel's control. Moreover, Reeder has failed to establish that had his attorney somehow managed to schedule entry of the guilty pleas on the same day, the result in his case would have been different. Notably, one of his co-indictees received the same sentence as Reeder.

### I. Failure to File Motions Challenging the Indictment

¶36. Reeder contends his attorney did not effectively assist him because he did not file any motions challenging the indictment. However, Reeder fails to specifically allege any defects in the indictment. Moreover, a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant. *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990).

### J. Failure to Allow Reeder to Give His Version of Events

¶37. Finally, Reeder alleges he was denied effective assistance of counsel because his attorney did not allow him to give his version of events. The record reveals that Reeder did indeed tell the trial judge his account of the events of November 24, 1995, the day of the armed robbery and kidnapping. Additionally, Reeder's attorney was obviously quite familiar with the facts of the case, as he recounted them in some detail in speaking on behalf of his client.

¶38. Reeder's petition lacked merit and failed to allege any claims warranting in-depth analysis. Furthermore, he did not raise any material issues for which the trial court needed to rule. Therefore, the summary dismissal of Reeder's claim was wholly justified and, as such, was not an abuse of discretion.

## CONCLUSION

¶39. Although the trial court may have erred in stating that summary judgment was granted pursuant M.R.C.P. 56, it is quite obvious that the proper procedure was followed and all hurdles navigated. Furthermore, "[s]olemn declarations in open court [by a defendant] carry a strong presumption of verity." *Roland v. State*, 666 So. 2d 747, 750 (Miss. 1995). The record of the proceedings below reveals that Reeder entered his guilty plea freely and voluntarily. Therefore, the trial court's ruling was not in error, and the ultimate result was correct. Accordingly, the judgment of the Jackson County Circuit Court is affirmed.

¶40. **AFFIRMED.**

**PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, WALLER, COBB AND EASLEY, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY.**