McMILLIN, C.J., for the Court.
¶ 1. Jefferson Agee, Sr., pled guilty in 1998 to two counts of sexual battery with two males under the age of fourteen. The court sentenced Agee to serve five years on each count; these sentences would be served consecutively in the custody of the Mississippi Department of Corrections.
¶ 2. In 2001 Agee filed a motion for post-conviction relief with the same trial court. He argued that he was provided with ineffective assistance of counsel. Allegedly, his attorney failed to challenge an unconstitutional indictment and failed to assert a valid statute of limitations defense to the charges. The court denied relief. Here on Agee’s appeal, we affirm.
I.
Ineffective Assistance of Counsel
¶ 3. Agee’s first argument regarding his counsel is that he failed to challenge a defective indictment. The heading for his claim in his petition for relief was that the statute from which the charges drew was unconstitutional. However, in the explanation, he asserts in less sweeping terms that he simply was charged under the wrong subsection of the statute. The same subsection of the statute was used for both charges. The present version of that subsection of the statute is applicable to victims who are between the ages of fourteen and sixteen, and to a perpetrator who is more than three years older than the victim. Miss.Code Ann. § 97 — 3—95(1)(c) (Rev.2000). The facts stated in each count of the indictment that the victim was under the age of fourteen. That offense is presently the next subsection of the statute, and also requires that the perpetrator be at least two years older than the victim. Miss.Code Ann. § 97-3-95(l)(d) (Rev.2000).
¶4. There are two answers to Agee’s complaints. The first is that the current version of the statute and its subsection designations were not in effect when he was indicted in 1996. At that time, the sexual battery statute stated this:
(1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
(c) a child under the age of fourteen (14) years.
1993 Miss. Laws ch. 512, § 2, eff. July 1, 1993, codified as Miss.Code Ann. § 97-3-95(1), amended by 1998 Miss. Laws ch. 549, § 3, eff. July 1, 1998.
¶ 5. Therefore, the indictment properly charged Agee for the sexual battery of a child under age fourteen by referring to Section 97 — 3—95(l)(c), and without alleging Agee’s age.
¶ 6. Secondly, the argument would need to be rejected since a knowing and voluntary guilty plea waives all non-jurisdictional defects in the indictment. Reeder v. State, 783 So.2d 711, 720 (¶ 36) (Miss.2001). There were here, though, no defects that we have seen.
¶7. Finally, we find no explanation of how the indictment was unconstitutional, see no obvious reason, and thus do not consider that argument.
*728 II.
Prosecution for Crime not Within Statute of Limitations
¶ 8. Agee alleges that he was not prosecuted for sexual battery within the two-year statute of limitations that he argues was applicable. The statute provides that the limitations period starts with the commission of the offense and ends when prosecution is “commenced.” Miss.Code Ann. § 99-1-5 (Rev.2000). The offenses were said to have been committed in May 1995. Agee was indicted in October 1996. Prosecution commences with issuance of a warrant, binding over for a grand jury, or by indictment. Miss.Code Ann. § 99-1-7 (Rev.2000). The trial occurred later, but that is a matter for speedy trial analysis and not for whether he was timely charged. This prosecution was timely.
¶ 9. Moreover, a statute of limitations in criminal law as in civil is an affirmative defense that can be waived if not raised. A plea of guilty by a defendant may operate to waive a statute of limitations as well as speedy trial. Conerly v. State, 607 So.2d 1153, 1158 (Miss.1992). We do not apply that waiver analysis here since this prosecution was timely commenced.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.