GRIFFIS, J.,
for the Court.
¶ 1. Phillip Elliott pled guilty, to the charges of sale of marijuana, more than an ounce less than a kilogram, and sale of cocaine. These were two of the four counts of his indictment, and the remaining counts were dismissed. For the sale of marijuana count, Elliott was sentenced to serve five years in the custody of the Mississippi Department of Corrections, was ordered to pay a fine of one thousand dollars ($1000), and was ordered to serve five years post release supervision. On the sale of cocaine count, Elliott was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections, was ordered to pay a fine of five thousand dollars ($5,000), and was ordered to serve five years post release supervision.
¶ 2. Elliott filed a motion to vacate sentence and conviction, which the court treated as a petition for post-conviction relief. The motion was denied, and this appeal followed. Elliott raises two issues for our review: (1) he received ineffective assistance of counsel, and (2) the indictment was invalid and legally insufficient. We find no error and affirm.
STANDARD OF REVIEW
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS

I. Whether Elliott received ineffective assistance of counsel.

¶ 4. To prevail on his claim that his counsel was ineffective, Elliott must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Elliott, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d 776, 780 (Miss.1988). However, a presumption exists that the attorney’s conduct was adequate. Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001).
¶ 5. Elliott argues that his counsel had a duty to investigate the background of the police informant and that his failure to do so resulted in a violation of his due process rights. Elliott’s brief alleges that the police informant was operating illegally. Elliott does not argue that he would not have pled guilty but for the ineffective assistance of his counsel, or that he was prejudiced by his attorney’s alleged failure. Spry v. State, 796 So.2d 229, 232(¶ 11) (Miss.2001). All we have to support Elliott’s claim are his allegations. In cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance claim is without merit.” Lindsay v. State 720 So.2d 182, 184(¶ 6) (Miss.1998); Covington v. State, 909 So.2d 160, 162(¶ 9) (Miss.Ct.App.2005). Accordingly, Elliott’s claim of *826 ineffective assistance of counsel is without merit.

II. Whether the indictment was invalid for failure to state the specific amount of cocaine.

¶ 6. Elliott next argues that the indictment is invalid because it failed to state the specific amount of cocaine that he was charged with selling. First, Elliott pled guilty to the crime. It is a well-settled principle of law that a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). Therefore, by pleading guilty, Elliott waived his right to appeal based upon the indictment. Notwithstanding this waiver, however, we address the substance of Elliott’s argument.
¶ 7. Mississippi Code Annotated Section 41-29-139 (Rev.2005) defines the crime for which Elliott was convicted:
Except as authorized by this article, it is unlawful for any person knowingly or intentionally: (1) to sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.
There is no requirement that a specific amount of a controlled substance be found for a person to be convicted under this section.
¶ 8. Elliott was sentenced under Mississippi Code Annotated Section 41-29-139(b) (Rev.2005), which provides the sentencing standards for a conviction under subsection (a) for crimes involving cocaine. This section also contains sentencing standards for crimes involving marijuana. This appears to be the point of Elliott’s confusion. For crimes involving marijuana, sentencing may vary depending upon the amount of the marijuana involved. Such limitations do not apply to crimes involving cocaine. Accordingly, this issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.