JAMES, J.,
for the Court:
¶ 1. Freddie Lee Martin pled guilty to one count of possession of a controlled substance with an enhanced penalty as a second drug offender. Martin filed a motion for post-conviction relief (PCR) claiming that his indictment was defective and that his sentence was illegal. Martin’s motion was denied, and he now appeals. Finding no error, we affirm.
FACTS
¶ 2. On September 27, 2009, Martin was stopped by a Long Beach police officer after Martin’s vehicle was observed performing an illegal “U-turn.” Upon being asked to step out of the vehicle, two plastic bags fell from Martin’s waistband. The bags contained 206 dosage units of what was later identified as hydrocodone. On March 29, 2010, a Harrison County grand jury indicted Martin on one count of possession of a controlled substance with intent to transfer or distribute, with an enhanced penalty as a second drug offender. On March 21, 2011, the indictment was amended, and Martin pled guilty to one count of possession of a controlled substance with an enhanced penalty as a second drug offender. Martin filed a motion for PCR in which he asserted that the indictment was defective and that his sentence was illegal. The trial court denied the motion and Martin now appeals.
DISCUSSION
¶ 3. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
I. Defective Indictment
¶ 4. Martin was indicted for possession of hydrocodone, a schedule III controlled substance, pursuant to Mississippi Code Annotated section 41-29-139(a)(1) (Rev.2013), with an enhanced penalty pursuant to Mississippi Code Annotated section 41-29-147 (Rev.2013). The pertinent part of the March 29, 2010 indictment stated: “Freddie Lee Martin ... did knowingly, wilfully, unlawfully, and feloniously possess [hydrocodone], a Schedule III[e]ontrolled [s]ubstance[,] with the intent to transfer or distributee] ... [a]fter [Martin] had previously been convicted on December 3, 2007, of the crime and felony of [tjransfer of a[c]ontrolled substance....” Martin argues that his indictment was defective because it failed identify to whom Martin intended to transfer or distribute the hydrocodone, and did not specify the quantity or purity of the controlled substance. We disagree.
*269 ¶ 5. We first note that Martin pled guilty to the crime. “It is a well-settled principle of law that a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdietional defects contained in an indictment against a defendant.” Elliott v. State, 939 So.2d 824, 826 (¶ 6) (Miss.Ct.App.2006) (citing Reeder v. State, 783 So.2d 711, 720 (¶ 36) (Miss.2001)). Thus, Martin has waived all non-jurisdictional defects in his indictment.
¶ 6. Nevertheless, on March 21, 2011, the day of the plea hearing, the State moved to amend the indictment from possession of a controlled substance with the intent to distribute to the lesser charge of possession of a controlled substance pursuant to Mississippi Code Annotated section 41—29—139(c)(3) (Rev.2013). Martin agreed to the amendment. Martin then pled guilty to the amended charge of possession of a controlled substance with the enhanced penalty, and not to possession •with the intent to distribute. Section 41-29—139(c)(3) provides that it is “unlawful for any person knowingly or intentionally to possess any controlled substance....” Thus, intent to distribute is not an element of the crime to which Martin actually pled guilty.
¶7. Similarly, Martin argues that his indictment for possession with intent to distribute was defective because it did not specify the quantity of the controlled substance that Martin possessed. The penalty for possession of a controlled substance with the intent to transfer or distribute is the same regardless of the amount sold. See Miss.Code Ann. § 41-29-139(b)(4) (Rev.2013). Thus, the amount of the controlled substance is not an essential element. Smith v. State, 973 So.2d 1003, 1007 (¶ 10) (Miss.Ct.App.2007). However, section 41-29-139 provides that the penalty for possession of a controlled substance “shall be based on dosage unit ... or the weight of the controlled substance.” Miss. Code Ann. § 41-29-139(c). Therefore, although the quantity of the controlled substance is not required for the crime of possession with intent to transfer or distribute, it is a necessary element of the crime of possession of a controlled substance. Here, the indictment was amended to include the amount of the controlled substance that Martin had in his possession, namely, “100 dosage units or more but less than 500 dosage units of [h]ydro-codone.” Therefore, we find that neither the original indictment nor the amended indictment lacked the requisite elements.
¶ 8. Here, the record reflects that Martin admitted to all relevant facts, was apprised by the trial court of the consequences of his guilty plea, and pled guilty to the amended charge of possession of a controlled substance. We find nothing in the record, nor in Martin’s petition, that suggests that Martin’s plea was not knowingly and voluntarily entered, or that the plea was otherwise invalid. Accordingly, this issue is without merit.
II. Illegal Sentence
¶ 9. Martin next argues that his sentence was illegal because the evidence did not support the sentence enhancement. The enhancement is set forth in Mississippi Code Annotated section 41-29-147, and provides that “any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.”
¶ 10. In a criminal trial, “the elements of a crime and enhancement status must be proven beyond a reasonable doubt.” Evans v. State, 988 So.2d 404, 406 (¶ 10) (Miss.Ct.App.2008). However, the *270 burden of proof is not as high upon the entry of a guilty plea and requires only that the trial court have before it “enough evidence that the court may say with confidence the prosecution could prove the accused guilty of the crime charged.” Id. (quoting Corley v. State, 585 So.2d 765, 767 (Miss.1991)). Furthermore, we have held that “a defendant’s own admission may suffice for the factual basis.” Id.
¶ 11. In his petition to enter a plea of guilty, Martin submitted that he had a prior conviction for the transfer of a controlled substance. In addition, during the plea hearing, the following exchange occurred:
The Court: ... [Y]ou’re indicted under the enhanced section because you have a prior — the State is alleging [that] you have a a prior felony conviction. Is that right?
Martin: Yes, sir.
The Court: Mr. Martin[,] ... were you convicted on December 3rd of 2007 of the crime of felony transfer of a controlled substance in the Circuit Court of Harrison County, Mississippi, First Judicial District ... ?
Martin: Yes, sir.
The Court: The court’s going to find that this defendant qualifies for the enhancement penalty of a felony ... under section 41-29-147 as amended.
Based on these admissions, we find that there was sufficient evidence to support Martin’s sentence enhancement. Accordingly, this issue is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.