# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CT-01725-SCT

*CARLOS BOYD SMITH a/k/a CARLOS SMITH*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/05/2017 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| TRIAL COURT ATTORNEYS: | F. PHILIP WITTMANN, IV |
| | MATTHEW D. BURRELL |
| | MITCHELL L. OWEN |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARLOS BOYD SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 02/20/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. Carlos Boyd Smith appeals the denial of his petition for post-conviction relief by the Stone County Circuit Court, which the Court of Appeals affirmed. In his petition for post-conviction relief, Smith sought permission to proceed with an out-of-time appeal. The circuit court denied his motion, finding that it had no jurisdiction to allow the out-of-time appeal due to the 180-day time limit imposed by Mississippi Rule of Appellate Procedure 4(h). The filing was well past the 180-day deadline under the Mississippi Rules of Appellate

Procedure; however, the petition was still within the three year time limit imposed for filing a petition for post-conviction relief under Mississippi Code Section § 99-39-5(2) (Rev. 2015). Section 99-39-5 allows post-conviction petitioners to file a motion for an out-of-time appeal. The trial court erred by not considering Smith's post-conviction motion for an out-of-time appeal under Section 99-39-5(2). Accordingly, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     On January 22, 2016, a jury convicted Smith of sexual battery. Smith was sentenced to twenty-two years in the custody of the Mississippi Department of Corrections. The circuit court denied Smith's motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. No direct appeal was timely filed. On June 2, 2017, Smith filed a petition for post-conviction relief to proceed with an out-of-time appeal, which the circuit court denied. The circuit court denied the petition for lack of jurisdiction, finding that the 180-day deadline to file an out-of-time appeal under Mississippi Rule of Appellate Procedure 4(h) had passed. Smith appealed that decision to the Mississippi Court of Appeals, which affirmed. *Smith v. State*, 2017-CP-01725-COA, 2019 WL 2183025, at *1 (Miss. Ct. App. May 21, 2019). Smith filed a petition for writ of *certiorari*, which we granted.

## STANDARD OF REVIEW

¶3.     "This Court's applicable standard of review when considering the denial of a petition for post-conviction collateral relief is well settled; this Court will not disturb the factual findings of a trial court in denying the petition unless such findings are clearly erroneous." *Rowland v. State*, 42 So. 3d 503, 506 (¶ 8) (Miss. 2010) (citing *Moore v. State*, 986 So. 2d

928, 932 (¶ 13) (Miss. 2008)). "However, where questions of law are raised the applicable standard of review is de novo." *Id.* (internal quotation marks omitted) (quoting *Lambert v. State*, 941 So. 2d 804, 807 (¶ 14) (Miss. 2006)).

## DISCUSSION

**I.** **Whether the trial court erred by denying the motion for an out-of-time appeal for lack of jurisdiction.**

¶4. The trial court and the Court of Appeals were correct in their analysis of Mississippi Rule of Appellate Procedure 4(a) and (h). Mississippi Rule of Appellate Procedure 4(h) provides,

> The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening time for appeal.

M.R.A.P. 4(h).

¶5. Smith did request relief under Mississippi Rule of Appellate Procedure 4(h); however, Smith is procedurally barred from obtaining relief under Rule 4(h) because of the 180 day time limit contained within rule 4(h). Additionally, Rule 4(h) is inapplicable because Smith did receive notice of the entry of judgment. However, the trial court failed to consider Smith's request for relief under Mississippi Code Section § 99-39-5(1)(i).

¶6. Section 99-39-5 states,

> Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the

3

registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:

. . . .

(i) That he is entitled to an out of time appeal.

Miss. Code Ann. § 99-39-5(1) (Rev. 2015).

A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired . . . .

Miss. Code Ann. § 99-39-5(2) (Rev. 2015).

¶7.     A petitioner may file a petition for an out-of-time appeal under Section 99-39-5(2). *Minnifield v. State*, 585 So. 2d 723, 723 (Miss. 1991). Smith was within the three-year window described in Section 99-39-5(2), and he styled his motion as a motion for post-conviction relief. The trial court and the Court of Appeals failed to consider the motion as a motion for post-conviction relief. The trial court has jurisdiction to grant the out-of-time appeal if the petitioner claims they are entitled to an out-of-time appeal. In the case *sub judice*, Smith did file a post-conviction petition claiming that he was entitled to an out-of-time appeal; thus, the trial court had jurisdiction under Section 99-39-5(2). The trial court should determine if the procedural requirements were met. "We make no final determination of these questions, however, preferring that they be first addressed by the circuit judge on remand." *Ragland v. State*, 586 So. 2d 170, 173 (Miss. 1991).

## CONCLUSION

4

¶8. The trial court erred by not considering the post-conviction motion for an out-of-time appeal under Section 99-39-5. The judgments of the Circuit Court of Stone County and the Court of Appeals are reversed. The case is remanded to the Circuit Court of Stone County for further proceedings.

¶9. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**