# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-CP-01595-SCT

*PHILLIP PICKETT a/k/a PHILLIP WAYNE PICKETT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/1998 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | ROBERT L. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/24/1999 |
| MOTION FOR REHEARING FILED: | 12/28/99; denied 2/24/2000 |
| MANDATE ISSUED: | 12/15/99; 3/2/2000 |

## BEFORE PITTMAN, P.J., MILLS AND WALLER, JJ.

## PITTMAN, PRESIDING JUSTICE, FOR THE COURT:

¶1. This is an appeal from the denial of Phillip Pickett's application for post-conviction relief. The Circuit Court of Panola County, First Judicial District, dismissed Pickett's petition.

### STATEMENT OF THE FACTS

¶2. In 1988, Phillip Pickett entered a guilty plea in the Circuit Court of Hinds County to a charge of grand larceny and was placed on probation. The Circuit Court entered the order on May 5, 1988.

¶3. On October 5, 1989, in the Circuit Court of Panola County, Pickett pled guilty to thirteen counts of burglary and larceny. The court sentenced Pickett to seven years on Count One for Burglary. For Counts Four, Six, Eight, Ten and Twelve, the court sentenced Pickett to separate five year terms to run consecutively to Count One, but these were suspended. For Counts Two and Seven, the court sentenced Pickett to separate six month terms to run concurrently with Count One. For Counts Three, Five, Nine and Eleven, the Court sentenced Pickett to separate five years terms to run concurrent with Count Two. Essentially, Pickett was required to serve seven years with twenty-five years suspended, with such suspension conditioned upon Pickett's future good behavior.

¶4. On March 24, 1992, Pickett signed a parole agreement, and was assigned to probationary officer, Clay Baker. Subsequently, on three separate occasions in 1992, Pickett failed drug tests, but his parole was not revoked.

¶5. On January 19, 1993, Pickett was arrested and charged with five counts of burglary. Also, the Municipal Court of Sardis, Mississippi, convicted Pickett of driving with a suspended license, failing to stop at blue lights, and third offense DUI. Pickett admitted one burglary but denied involvement in the others.

¶6. On January 25, 1993, the State petitioned to have Pickett's previously suspended sentences revoked for violation of the condition for good behavior. On March 12, 1993, the Circuit Court of Panola County revoked ten years of Pickett's suspended sentence from the 1989 burglary and larceny convictions. The court entered an amended order revoking the suspended sentences on March 16, 1993. Pickett then pled guilty to the five counts of burglary and was sentenced to serve twelve years with thirteen years suspended. This sentence was to run consecutive to the ten year sentence that had been revoked.

¶7. On August 25, 1998, Pickett filed a Motion for Post-Conviction Relief in the Circuit Court of Panola County. The petition was dismissed, and Pickett timely filed a Notice of Appeal.

## STATEMENT OF THE ISSUE

### I. WHETHER CIRCUIT COURT HAD AUTHORITY TO REVOKE PICKETT'S SUSPENDED SENTENCE.

¶8. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." *Brown v. State*, 731 So.2d 595, 598 (Miss. 1999) (citing *Bank of Mississippi v. Southern Mem'l Park, Inc.*, 677 So.2d 186, 191 (Miss.1996)). The instant case is reviewed de novo.

## DISCUSSION

¶9. Pickett asserts that because he was not placed on probation his suspended sentence could not lawfully be revoked, citing Miss. Code Ann. §§ 47-7-33, 47-7-35 & 47-7-37(1993 & Supp. 1999). This same issue was recently addressed by the Court in *Wilson v. State*, 735 So.2d 290 (Miss. 1999). In that case the Court held that where a sentence is suspended and no probationary period is described, a probationary period may be implied to be the statutory maximum of five years as stipulated in Miss. Code Ann. § 47-7-37. *Accord*, *Tunstall v. State*, No. 1998-CA-01325-SCT, 1999 WL 1042924 (Miss. Nov. 18, 1999). Pickett's sentence was revoked within this time limit.

¶10. Furthermore, it has been found by this Court that the courts may revoke all or part of a defendant's suspended sentence or probation if the defendant violates the conditions of his suspended sentence or probation. *Artis v. State*, 643 So.2d 533, 537 (Miss. 1994). *Accord*, *Tunstall v. State*, *supra*. In the instant case, Pickett's suspended sentence was conditioned upon his future good behavior. Pickett knew this condition, and Pickett's commission of numerous subsequent crimes during his parole and probationary period clearly shows a violation of that condition.Consequently, the judgment of the Circuit Court of Panola County dismissing Pickett's petition is affirmed.

¶11. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**