## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CP-00671-SCT

*JAMES LOFTON a/k/a JAMES BERNARD LAWSON*

*v.*

*UNITED STATES OF AMERICA, UNITED STATES GOVERNMENT, STATE OF MISSISSIPPI AND SOUTHERN PLANTATIONS*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/03/2000 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JANE L. MAPP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/17/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/7/2001 |

**BEFORE PITTMAN, C.J., MILLS AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. James Lofton filed a pro se, in forma pauperis complaint styled "42 U.S.C. § 1983-85 Complaint" in the Hinds County Circuit Court, First Judicial District. The complaint named four defendants: The United States of America, United States Government, State of Mississippi, and Southern Plantations. Only the State of Mississippi was properly served with process, and rather than filing an answer, the State filed a motion to dismiss pursuant to M.R.C.P.12(b). Lofton responded with a Motion for Default Judgment. Apparently no hearing was held on either motion, and the circuit judge granted the State's motion to dismiss, citing failure to state a claim upon which relief can be granted, pursuant to M.R.C.P. 12(b)(6). Aggrieved, Lofton filed a notice of appeal, raising three issues, all of which claim violation of federal constitutional rights, as follows:

> **WHETHER THE APPELLANT'S CONSTITUTIONAL RIGHTS UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FIRST, FIFTH, SIXTH, SEVENTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED BY THE TRIAL COURT SUMMARILY DISMISSING HIS PRO SE COMPLAINT, THEREBY:**

> **I. DENYING APPELLANT THE OPPORTUNITY TO PRESENT PROOF OF HIS CLAIM OF DEPRIVATION.**

> **II. DENYING APPELLANT THE OPPORTUNITY TO ADDRESS HIS CONTENTIONS THAT THE AMENDED PROVISIONS OF THE PRISON LITIGATION REFORM ACT**

**(PLRA) OF 1995 ARE UNCONSTITUTIONAL.**

**III. DENYING APPELLANT A RULING ON HIS MOTION FOR DEFAULT JUDGMENT WITHIN THE TIME REQUIRED BY LAW.**

Finding no error in the trial court's ruling, we affirm.

## FACTS

¶2. At the time Lofton filed this civil action, he was incarcerated in Unit 32 of the state penitentiary at Parchman.[1] Lofton's complaint only makes general allegations and identifies no specific persons acting under the color of state law who were responsible for any of the wrongs he alleged had been done. Lofton seeks $7,121,925 in compensatory damages and $12,201,895 in punitive damages, as well as 500 acres of land and a family home at the government's expense.

## STANDARD OF REVIEW

¶3. A motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises an issue of law. *T.M. v. Noblitt*, 650 So. 2d 1340, 1342 (Miss. 1995); *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990); This Court conducts de novo review on questions of law. *UHS-Qualicare, Inc. v. Gulf Coast Community Hosp., Inc*., 525 So. 2d 746, 754 (Miss. 1987).

## ANALYSIS

¶4. Lofton does not seem to understand the purpose of Rule 12(b)(6) and argues the trial court erred in dismissing his complaint without giving him the opportunity to present evidence to support his claims. The State correctly points out that Lofton failed to raise a claim that could be supported. Lofton filed his complaint pursuant to 42 U.S.C. § 1983 which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

The two essential elements of a § 1983 claim are: (1) the conduct complained of was committed by a person acting under the color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130, 143 (1999); *Barrett v. Miller*, 599 So. 2d 559, 563 (Miss. 1992). Lofton's complaint did not name any persons who acted under the color of state law.

¶5. This Court has held that the State and state agencies are not "persons" that Congress intended to subject to liability, and therefore, cannot be sued under § 1983 in state court. *Wright v. White*, 693 So. 2d 898, 904 (Miss. 1997) *(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989)). As a result, Lofton failed to meet the first element of a § 1983 claim and the State's Rule 12(b) motion was properly granted.

¶6. Next Lofton argues that the Prisoner Litigation Reform Act of 1995, P.L. No. 104-134, Tit. VIII, 110 Stat. 1321-66 (Apr. 26,1996) is unconstitutional under the U.S. Constitution. However, he failed to raise this issue in the circuit court and thus is barred from raising it for the first time on appeal. This Court has repeatedly held that no new issues may be raised on appeal. *Crowe v. Smith*, 603 So.2d 301, 305 (Miss. 1992); *Parker v. Mississippi Game & Fish Comm'n,* 555 So.2d 725, 730 (Miss. 1989)(the trial judge will not be put in error on a matter which has not been presented to him).

¶7. Finally, Lofton clearly does not understand the requirement for proper service of process before a default judgment may be entered. Because process was never served on any of the defendants except the State of Mississippi, which timely responded, Lofton was not entitled to a default judgment. *See* M.R.C.P. 4, 12(a) & 55.

## CONCLUSION

¶8. The circuit judge properly granted the State's motion to dismiss for failure to state a claim under which relief could be granted. Finding no error in the judgment of the circuit court, we affirm.

¶9. **AFFIRMED.**

   **PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR.**

1. Lofton clearly stated in his complaint that the action was "unrelated to M.D.O.C and/or his confinement." Although the trial court erroneously granted Lofton's application to appeal in forma pauperis, the State failed to address this error and the issue of costs on appeal.