COBB, J., for the Court.
¶ 1. The sole issue raised in this interlocutory appeal is whether Mississippi justice courts have exclusive jurisdiction, or share concurrent jurisdiction with circuit courts, in civil cases in which the amount in controversy exceeds $200 but not $2,500.

FACTS AND PROCEEDINGS BELOW

¶ 2. Jerry Lee Hubbard, Jr. and Carolyn W. Hubbard sued Andy Turner Arant, Jr. and Debra Prysock Arant in the Sunflower County Circuit Court for $871.85 in alleged damages arising out of the salé of a residence. The Arants, believing this matter to lie within the exclusive jurisdiction of the justice court, filed a motion to dismiss, which was denied. This Court granted the Arants permission to bring this interlocutory appeal pursuant to Rule 5 of the Mississippi Rules of Appellate Procedure.
¶ 3. We conclude that the justice court and the circuit court share concurrent jurisdiction in matters in which the amount in controversy exceeds $200 but not $2,500, and thus this matter might be properly brought in either the justice court or the circuit court. The circuit judge was correct in denying the Arants’ motion to dismiss, and we remand this matter to the circuit court for proceedings in accord with this opinion.

STANDARD OF REVIEW

¶ 4. The Arants’ motion to dismiss raised a question of law which we review de novo. Lofton v. United States, 785 So.2d 287, 289 (Miss.2001).

DISCUSSION

¶ 5. The terms “original jurisdiction,” “exclusive jurisdiction,” “maximum jurisdiction” and “concurrent jurisdiction” appear throughout the two constitutional provisions and two statutes which together pronounce the jurisdictional law applicable in this case. Unfortunately, the terms are not defined within the documents. Further difficulty comes from the lack of uni *613 formity in the use of some of these terms as the constitution and statutes have been amended. Thus we must consider every word carefully and rationally in order to determine the boundaries of the jurisdiction of the circuit court and the justice court.
¶ 6. “Original jurisdiction” and “exclusive jurisdiction” are distinct concepts.[1] Miss. Const, art. 6, § 156, grants to the circuit courts “original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court....” (emphases added). Miss. Const, art. 6, § 171 provides that “[t]he maximum civil jurisdiction of the justice court shall extend to causes in which the principal amount in controversy is Five Hundred Dollars ($500.00) or such higher amount as may be prescribed by law .... ” (emphasis added). It is important to note that neither section 156 nor section 171 mentions “exclusive” or “concurrent” civil jurisdiction of either justice courts or circuit courts, although section 171 does mention both in the context of criminal jurisdiction.[2]
¶ 7. Justice court jurisdiction as set by our Constitution was last amended in 1975, upon ratification by the electorate, to add the words “maximum civil” before “jurisdiction” and to increase the amount in controversy to “$500 or such higher amount as may be prescribed by law.” Miss. Const, art. 6, § 171 & Editor’s Note (emphases added). In 1995, the Legislature prescribed that the justice court “shall have jurisdiction of all actions for the recovery of debts or damages or personal property ... not to exceed Two Thousand, Five Hundred Dollars ($2,500.00).” Miss.Code Ann. § 9-11-9 (Supp.2001). Key to our decision in the present case is the fact that neither of these amendments used the term “exclusive” jurisdiction.
¶ 8. This Court’s reading of sections 156 and 171 of the 1890 Constitution together with sections 9-7-81 (1991) and 9-11-9 (Supp.2001) leads to the conclusion that the jurisdiction of the justice and circuit courts is concurrent over actions wherein the amount in controversy lies between $200 and $2,500.
¶ 9. The Arants argue that section 156 grants jurisdiction only in those matters which have not already been committed to some other court and that section 171 commits those cases under $2,500 in controversy to the justice courts. However, they fail to note that section 156 grants jurisdiction to the circuit courts in those causes “not vested by this Constitution in some other court-” (emphasis added). It is not the same thing for the Legislature to vest a certain range of jurisdiction in the justice courts, which it does in Code section 9-11-9, as it is for the Constitution to *614 do so. Of course, the Legislature’s authority for setting the jurisdictional maximum derives from the Constitution; but that does not give section 9-11-9 constitutional force, any more than any other law enacted by the Legislature in accordance with its constitutional powers thereby becomes “constitutional” and not “legislative.”
¶ 10. There is a presumption that acts of the legislature are valid. Chamberlin v. City of Hernando, 716 So.2d 596, 601 (Miss.1998) (citing Clark v. State ex rel. Miss. State Med. Ass’n, 381 So.2d 1046, 1048 (Miss.1980)). “It is a well-recognized rule in construing statutes that presumptions are indulged against contradictory provisions or enactments.” T.C. Fuller Plywood Co. v. Moffett, 231 Miss. 382, 388, 95 So.2d 475, 478 (1957) (citing 82 C.J.S. Statutes § 316, p. 547). It is therefore unnecessary to suppose that section 9 — 11— 9 with its $2,500 amount in controversy for the justice courts somehow “repeals by implication” section 9-7-81. Because it is not necessary, this Court will not consider the possibility, for we have often held that our rules of construction disfavor finding repeal by implication. Roberts v. Miss. Republican Party State Exec. Comm., 465 So.2d 1050, 1051-52 (Miss.1985); Brown v. McCoy, 362 So.2d 186, 189 (Miss.1978) (“repeal is limited to situations where later statutes are plainly, unavoidably, and irreconcilably repugnant to an earlier enactment”).
¶ 11. Here, it is logical to infer that the Legislature intended that justice and circuit courts have concurrent jurisdiction over certain actions, specifically those civil actions involving less than large sums of money. This was ' accepted as common practice as the maximum amount in controversy allowed to be heard in justice courts was increased by amendments, over a period of twenty years, from $200, to $500, to $1,000 and then to $2,500.
¶ 12. Although the Arants maintain that concurrent jurisdiction cannot exist without its being specifically and explicitly created, they cite no confirming authority for this assertion. On the contrary, it appears well-established that any ambiguity as to whether an existing grant of jurisdiction has been revoked is to be resolved in favor of finding that jurisdiction continues to vest:
In dealing with statutes intended to affect or claimed to affect the continuance of jurisdiction in courts of original and general authority the law has always recognized a principle of construction which served to favor the retention of jurisdiction. As long ago as Charles II, it was laid down as something well settled and understood, that the jurisdiction of the King’s bench could not be ousted without particular words in acts of parliament.... [T]he language of an act designed to divest [a] court of its jurisdiction ... must express the intent with such clearness as to leave no room for doubt. Indeed the authorities are very numerous and striking, that before it can be claimed that an act is to have the effect to absolutely divest a jurisdiction which has regularly and fully vested, the law in favor of it must be clear and unambiguous.
Crane v. Reeder, 28 Mich. 527, 1874 WL 6345, at *3 (1874) (citations omitted & emphases added); see also Daou v. Harris, 139 Ariz. 353, 678 P.2d 934, 937-38 (1984) (en banc) (“presumption is in favor of retention rather than divestiture of jurisdiction”). Adopting this position, this Court holds that existing jurisdiction is not to be inferred as having been withdrawn where the constitutional or legislative pronouncement to that effect is not clear and unambiguous.
¶ 13. Had the Legislature intended to vest “exclusive” jurisdiction for amounts *615 under $2,500 in the justice court, it could have said so. It could have amended or repealed section 9-7-81 of the Mississippi Code, and it could have said “exclusive” jurisdiction when it raised the dollar amount from $500 to $1,000 and later to $2,500 in section 9-11-9. “First, we presume that the legislature, when it passes a statute, knows the existing laws.” Daou, 678 P.2d at 938; see Seward v. Dogan, 198 Miss. 419, 436, 21 So.2d 292, 294 (1945); Cumberland Tel. & Tel. Co. v. State, 99 Miss. 1, 11, 54 So. 446, 448 (1911).
¶ 14. It well may be true that it is time to increase the exclusive jurisdiction of the justice courts. Sound policy arguments regarding the workload of the circuit courts could be adduced in support of this proposition. But concurrent jurisdiction may also be an expression of legislative policy to offer citizens a choice between the circuit and justice courts. The bottom line remains, however, that the structure of the Constitution and of the related statutes clearly dictates that setting such policy is the Legislature’s duty, not the duty of this Court.

CONCLUSION

¶ 15. The exclusive jurisdiction of the justice courts is thus limited to amounts not exceeding $200, and the circuit courts and justice courts have concurrent jurisdiction for amounts between $200 and $2,500, unless and until the Legislature adopts a statute explicitly providing otherwise. The fact that the vast majority of the circuit courts and justice courts in this state have adhered to this logical reading of the Constitution and these statutes for many years gives added weight to this construction.
¶ 16. This Court therefore affirms the circuit court’s order denying the Arants’ motion to dismiss and remands the case for further proceedings consistent with this opinion.
¶ 17. AFFIRMED AND REMANDED.
McRAE AND SMITH, P.JJ., DIAZ, CARLSON AND GRAVES, JJ., CONCUR. WALLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., AND EASLEY, J.

. These terms are defined in Black's Law Dictionary 856 (7th ed.1999) as follows:
—“exclusive jurisdiction. A court's power to adjudicate an action or class of actions to the exclusion of all other courts.... Cf. concurrent jurisdiction.”
—"original jurisdiction. A court’s power to hear and decide a matter before any other court can review the matter. Cf. appellate jurisdiction.”
See also In re Steen, 160 Miss. 874, 901, 134 So. 67, 75 (1931) (Ethridge, J. dissenting) (original not same as exclusive jurisdiction) (citing Words & Phrases, 2d series, vol. 3, p. 798).

. Interestingly, Section 171, in its criminal jurisdiction provisions, states that justice courts have "jurisdiction concurrent with circuit courts over all crimes whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail...." (emphasis added). That same sentence goes on to say that "the Legislature may confer on the justice courts exclusive jurisdiction in such petty misdemeanors as the Legislature shall see proper.” (emphasis added).