KING, P.J.,
for the court.
¶ 1. The Lowndes County Circuit Court denied Kenneth Evans’ motion to vacate sentence. Aggrieved, Evans, pro se, perfected this appeal in which he lists certain issues in his brief, but argues others. This Court has chosen to address the issues as argued which are as follows:
I. Did the trial court err in revoking Evans’ probation?
II. Whether he was denied effective assistance of counsel.
FACTS
¶ 2. On February 22, 1999, Evans pled guilty to two counts of sale of cocaine in cause number 97-428-CR1. On May 10, 1999, circuit court Judge Lee Howard sentenced Evans to serve a term of seven years on count one and a term of seven years consecutive to the first sentence on count two, all in the custody of the Mississippi Department of Corrections, and ordered that he pay a fine on each count. Other charges were retired to the file as a part of the plea bargain agreement at that time. Evans was on probation for a prior felony in cause number 95-525. At the sentencing hearing, Evans’ probation was revoked.
¶ 3. On May 3, 2002, Evans filed a “motion to vacate imposition of sentence via post-conviction relief’ alleging that the trial court lacked jurisdiction to revoke his probation and that he received ineffective assistance of counsel. On May 29, 2002, Judge Howard determined that Evans’ motion was without merit and did not require a hearing, and executed an order to this effect. From that denial of relief, Evans filed his notice of appeal.
ISSUES AND ANALYSIS
I.
Did the trial court err in revoking Evans’ probation?
¶ 4. Evans contends that his three year suspended sentence was unlawfully revoked. He maintains that the trial court lacked jurisdiction to revoke his suspended sentence because Judge Howard was not the original sentencing judge. Evans further alleges that his probation revocation “was without due process because the court failed to determine whether Evans’ plea of guilty was voluntarily and intelligently entered,” and he did not receive notice of the probation revocation. He maintains that there was no preliminary hearing regarding his “alleged failure to comply” with his probation order.
¶ 5. In its order denying relief, the trial court stated:
The Petitioner filed a Motion to Vacate Sentence alleging that his probation was illegally revoked in Lowndes County Criminal Cause Number 1995-0525-CR1 because the judge who revoked his probation was not the original sentencing judge. After reviewing the record, the Court finds that Judge Lee J. Howard was the original sentencing judge in *303 Lowndes County Criminal Cause Number 1995-0525-CR1 for which the Petitioner received a three-year suspended sentence, and Judge Howard was also the judge who revoked said suspended sentence.
Furthermore, the Court finds that under the dictates of Mississippi Statute 47-7-37, the revoking judge and the original sentencing judge do not have to be the same person. In view of these facts, the Court finds the petitioner’s motion to be without merit.
IT IS THEREFORE ORDERED, that this petition be, and the same is hereby dismissed without the necessity of a hearing.
¶ 6. When reviewing a trial court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595(¶ 6) (Miss. 1999). However, where questions of law are raised the applicable standard of review is de novo. Id. Under Miss.Code Ann. Section 47-7-37 (Supp.1999),[1] the trial court had jurisdiction to revoke Evans’ probation. The statute does not require that the original sentencing judge be the person who revokes probation.
¶ 7. Within this issue, Evans also raises questions about the voluntariness of his plea of guilty. Evans bears the responsibility of placing before this Court a record sufficient to establish his claim. Howard v. State, 785 So.2d 297(¶ 6) (Miss.Ct.App.2001). He has not done so.
¶8. The record before this Court does not contain the transcript of the plea hearing. Because he has failed to place the necessary record before this Court, this portion of the issue is found to be merit-less.
II.
Did Evans receive effective assistance of counsel?
¶ 9. Evans contends that he did not receive effective assistance of counsel. He claims that his attorney advised him to “go before a fabricated revocation committee and allowed [his] suspended sentence to be unlawfully revoked,” which violated his due *304 process rights. To prevail on a claim of ineffective assistance of counsel, Evans must establish that counsel’s performance was deficient, and there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceedings would have been different. McMillian v. State, 774 So.2d 454(¶ 8) (Miss.Ct.App.2000). To do so, he must place before this Court a record which evidences the claimed ineffective assistance of counsel.
¶ 10. That he has not done. The record does not contain affidavits or other proposed testimony in support of Evans’ claim of ineffective assistance of counsel. Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 11. Because he has not done so, this issue is determined to be without merit.
¶ 12. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT, DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. Miss.Code Ann. Section 47-7-37 (Supp. 1999) provides in part: The probation and parole officer after making an arrest shall present to the detaining authorities a similar statement of the circumstances of violation. The probation and parole officer shall at once notify the court of the arrest and detention of the probationer and shall submit a report in writing showing in what manner the probationer has violated the conditions of probation. Thereupon, or upon an arrest by warrant as herein provided, the court, in termtime or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.
If the probationer is arrested in a circuit court district in the State of Mississippi other than that in which he was convicted, the probation and parole officer, upon the written request of the sentencing judge, shall furnish to the circuit court or the county court of the county in which the arrest is made, or to the judge of such court, a report concerning the probationer, and such court or the judge in vacation shall have authority, after a hearing, to continue or revoke all or any part of probation or all or any part of the suspension of sentence, and may in case of revocation proceed to deal with the case as if there had been no probation. In such case, the clerk of the court in which the order of revocation is issued shall forward a transcript of such order to the clerk of the court of original jurisdiction, and the clerk of that court shall proceed as if the order of revocation had been issued by the court of original jurisdiction. Upon the revocation of probation or suspension of sentence of any offender, such offender shall be placed in the legal custody of the State Department of Corrections and shall be subject to the requirements thereof.