CHANDLER, J.,
 

 for the Court.
 

 ¶ 1. In addressing Dennis Dobbs’s various filings, the Circuit Court of Marshall County treated them as a motion for post-conviction relief and denied relief to Dobbs. Aggrieved, Dobbs appeals. He claims that his motions were not post-conviction motions; instead, they were complaints under 42 United States Codé section 1983 (2006). He also reasserts his various allegations from his motions to show cause.
 

 ¶ 2. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. Dobbs was an inmate with the Mississippi Department of Corrections serving a conviction from Clay County, Mississippi for false pretenses and the simple assault of a police officer. On July 25, 2006, Dobbs filed a motion with the Circuit Court of Marshall County, which he titled “Petition for an Order to Show Cause.” In the motion, Dobbs alleged he was housed in inhuman conditions at the Marshall County Correctional Facility. His specific complaints were that the windows of the facility would not open, and there were no air conditioners installed.
 

 ¶ 4. Dobbs later filed an amendment to his petition, further alleging that the correctional facility lacked a fire sprinkler system, thereby creating a fire hazard. Additionally, the record contains a number of other documents that Dobbs filed. Dobbs did not reference any of these in his
 
 *1090
 
 appeal, and they appear to be unrelated to his motions. These additional documents include affidavits, a letter to Attorney General Jim Hood, a letter to Governor Haley Barbour, a letter to MDOC attorney Jim Norris, another petition to show cause regarding illegally obtained evidence, a “Motion for Emergency Assistance,” and two documents each titled “Written Argument.”
 

 ¶ 5. On May 10, 2007, the circuit court entered an order treating Dobbs’s requests as a motion for post-conviction relief. The order found that Dobbs was not entitled to the requested relief and denied his motion. Dobbs timely appealed from that decision.
 

 STANDARD OF REVIEW
 

 ¶ 6. In reviewing a trial court’s denial of post-conviction relief, this Court will not disturb the trial court’s findings unless they are found to be clearly erroneous.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999). However, where questions of law are raised, our review is de novo.
 
 Id.
 

 ANALYSIS OF THE ISSUES
 

 ¶ 7. The statute providing the grounds for posUconviction relief lists nine grounds for which relief may be sought. Miss.Code Ann. § 99-39-5 (Rev.2007). Those grounds are as follows:
 

 (a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
 

 (b) That the trial court was without jurisdiction to impose sentence;
 

 (c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;
 

 (d) That the sentence exceeds the maximum authorized by law;
 

 (e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
 

 (f) That his plea was made involuntarily;
 

 (g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
 

 (h) That he is entitled to an out-of-time appeal; or
 

 (i) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy; may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.
 

 Miss.Code Ann. § 99 — 39—5(1)(a)—(i).
 

 ¶ 8. Dobbs’s allegations do not fall under any of the grounds for post-conviction relief enumerated in section 99-39-5(1). Therefore, he was not entitled to any relief under the post-conviction statute. Because the circuit court treated Dobbs’s filings as a motion for post-conviction relief, it was proper to deny his requested relief.
 

 ¶9. While the circuit court addressed Dobbs’s filings as a motion for post-conviction relief, Dobbs now argues on appeal that his motion was actually a section 1983 complaint. We interpret this to mean that Dobbs is attempting to assert a claim under 42 United States Code section 1983 (2006). Nevertheless, this argument from Dobbs is without merit. First, Dobbs never filed any such complaint or any corresponding summons. What Dobbs filed was a motion and a number of various documents. Under Rule 3(a) of the Mississippi Rules of Civil Procedure, a party must file a complaint to institute an
 
 *1091
 
 action.
 
 Crumpton v. Hegwood,
 
 740 So.2d 292, 294(¶ 9) (Miss.1999). Whether Dobbs properly asserted grounds sufficient to warrant relief under section 1983 is irrelevant because he did not file a complaint asserting those grounds. Dobbs’s argument that his motion was actually a section 1983 complaint is without merit.
 

 ¶ 10. In finding Dobbs’s allegations to be without merit, we also note that Dobbs addressed his motion to the State of Mississippi. Under section 1983, “the State and state agencies are not ‘persons’ that Congress intended to subject to liability, and therefore, cannot be sued under § 1983 in state court.”
 
 Lofton v. United States,
 
 785 So.2d 287, 289-90(¶ 5) (Miss.2001) (citing
 
 Wright v. White,
 
 693 So.2d 898, 904 (Miss.1997) (overruled on other grounds));
 
 see also Will v. Michigan Dep’t of State Police,
 
 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The fact that Dobbs filed his motion against the State additionally shows that this was not a proper action under section 1983 and that Dobbs’s allegations are without merit.
 

 ¶11. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.