996 So.2d 819 (2008)
Glen Tyrone ALEXANDER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00703-COA.
Court of Appeals of Mississippi.
December 9, 2008.
*820 Glen Tyrone Alexander, appellant, pro se.
Office of the Attorney General by Lisa Lynn Blount, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. This appeal arises out of the Marion County Circuit Court's dismissal of Glen Tyrone Alexander's pro se motion for post-conviction relief (PCR). Aggrieved, Alexander appeals and asserts that the trial court erred in dismissing his PCR motion.[1]
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On August 22, 2000, Alexander pleaded guilty to one count of sale of a Schedule II, controlled substance and was sentenced to twenty years with twelve years suspended and five years of post-release supervision in the custody of the Mississippi Department of Corrections (MDOC). Alexander claims that, in April 2005, he was released from prison and placed on earned-release supervision. On September 16, 2005, Alexander was tested for illegal drugs, and on October 20, 2005, the results indicated that he had tested positive for marijuana. Alexander completed his sentence and was discharged on January 3, 2006.
¶ 4. While on post-release supervision, on January 24, 2006, Alexander was arrested for domestic assault. The following day, Lanny Arinder, field officer with the MDOC, executed a warrant for Alexander's arrest on the grounds that: (1) Alexander committed an offense in violation of the laws of the State of Mississippi, (2) Alexander "failed to avoid injurious and vicious habits," and (3) Alexander possessed and consumed marijuana. Thereafter, a hearing was held, and Alexander's post-release supervision was revoked. On February 22, 2006, Alexander pleaded guilty to domestic assault and received a thirty-day suspended sentence. Alexander was also ordered to pay a ninety-three dollar fine.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Alexander argues that the trial judge improperly dismissed his PCR motion after his post-release supervision was unlawfully revoked which resulted in his illegal incarceration. "`When reviewing a lower court's decision to deny a petition for post-conviction relief [an appellate court] will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.'" Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss.1999) (quoting Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (affirming trial court's dismissal of post-conviction relief)).
*821 ¶ 7. First, Alexander contends that he was not allowed to offer witnesses or to present evidence at a hearing that was held wherein his post-release supervision was revoked. Alexander claims that he would have presented witnesses who would have testified that the documents presented by Field Officer Arinder, regarding his arrest for domestic assault, were false. Alexander claims that the court dismissed his domestic assault charge and argues that Municipal Court Judge, Forest Dantin; the victim in the domestic assault case; and Michael Stevens[2] would have offered testimony to prove that the domestic assault charge was dismissed.
¶ 8. Alexander did not provide the affidavits of any of these witnesses, nor did he offer any explanation as to why he failed to do so, as required by Mississippi Code Annotated section 99-39-9(1)(e) (Rev. 2007), which provides:
(1) A motion under this article shall name the [S]tate of Mississippi as respondent and shall contain all of the following:
* * * * * *
(e) A specific statement of the facts which are not within the prisoner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the prisoner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.
(Emphasis added). The record simply does not support Alexander's assertion that the domestic assault charge was dismissed, in fact, the record reveals quite the contrary. The record contains an "Order of Conviction Upon Guilty Plea" from the Marion County Municipal Court, which indicates that Alexander waived his right to be represented by counsel and entered a guilty plea.
¶ 9. Second, Alexander argues that the document offered during the hearing that shows that he tested positive for marijuana is false. However, he offered nothing to support his argument. The trial judge held that "the Court finds [Alexander's] argument concerning forged drug tests [sic] results to be without merit." We cannot conclude that the trial judge's decision to deny Alexander's request for post-conviction relief was clearly erroneous, as there is nothing in the record to support Alexander's contentions. There is no merit to this issue.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
NOTES
[1] Actually, Alexander filed a petition for a writ of habeas corpus; however, the court treated it as a motion for post-conviction relief. Further, Alexander raises five issues in his motion; however, for the sake of clarity, we discuss them together, as they all concern whether his probation was lawfully revoked.
[2] According to Alexander, Stevens is a captain with the Columbia Police Department.