IRVING, J„
 

 for the Court.
 

 ¶ 1. On January 22, 2007, Richard Kerry Dickerson pleaded guilty in the Grenada County Circuit Court to one count of aggravated assault and one count of armed robbery. He was sentenced on each count to 19 years and 350 days in the custody of the Mississippi Department of Corrections (MDOC) with 19 years suspended and 19 years of post-release supervision, with the sentence in count two to run concurrently with the sentence in count one. After serving the 350 days, Dickerson was released on post-release supervision for 19 years. Sometime thereafter, Dickerson violated the terms and conditions of his post-release supervision. Accordingly, Dickerson’s post-release supervision was revoked, and he was ordered to serve 19 years in the custody of the MDOC. On January 18, 2008, Dickerson filed a motion for post-conviction relief (PCR), alleging that his lawyer rendered ineffective assistance for failing to advise him of various matters which caused his guilty plea to be entered involuntarily. He also alleged that his attorney failed to advise the court at the time of his plea that he was suffering from mental stress. The circuit court summarily denied Dickerson’s motion. Aggrieved, Dickerson appeals, pro se, and asserts that the circuit court erred in failing to grant his motion, because (1) he received ineffective assistance of counsel, (2) his sentence is illegal, (3) his guilty plea was involuntary, and (4) his request for an evidentiary hearing should have been granted.
 

 
 *653
 
 ¶ 2. We find no reversible error; therefore, we affirm the judgment of the circuit court, which denied Dickerson’s PCR motion.
 

 FACTS
 

 ¶ 3. On October 15, 2007, Dickerson violated the terms of his post-release supervision by (1) testing positive for cocaine, (2) failing to report to the MDOC from July through October 2007, and (3) failing to pay supervision fees and court costs. As a result, the Grenada County Circuit Court revoked Dickerson’s post-release supervision and ordered him to serve his 19-year sentence. As stated, Dickerson filed a PCR motion, which was promptly and summarily denied by the circuit court. It is from this denial of his PCR motion that Dickerson prosecutes this appeal.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶4. As stated, Dickerson asserts that he should have been granted an evi-dentiary hearing and that the circuit court erred in not granting his PCR motion for several reasons — the first being that his guilty plea was involuntary. “When reviewing a lower court’s decision to deny a petition for post-conviction relief [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.”
 
 Reeder v. State,
 
 783 So.2d 711, 714(¶5) (Miss.2001) (quoting
 
 Pickett v. State,
 
 751 So.2d 1031, 1032(¶ 8) (Miss.1999)).
 

 ¶ 5. In
 
 Harris v. State,
 
 806 So.2d 1127, 1130(¶ 9) (Miss.2002) (quoting
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992)), our supreme court held that “[i]f the defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered ‘voluntary and intelligent.’” In his guilty plea petition, Dickerson acknowledged the accuracy of the following statement as it related to his counsel: “My lawyer has counseled and advised me on the nature of each charge, on any and all lesser-included charges, and on all possible defenses that I might have in this case.”
 

 ¶ 6. Further, the following exchange occurred at Dickerson’s plea qualification hearing:
 

 THE COURT: Now under the state and federal constitutions there are a number of constitutional rights that you will be waiving or giving up by entering a plea of guilty.
 

 The constitutional rights are these: You’ve got the constitutional right to a speedy, public trial by a jury of your peers. You’ve got a right to be present at trial. You’ve got a right to testify at trial or a right to remain silent at trial.
 

 You’ve got the right to cross-examine witnesses who come into court and testify against you. You’ve got the right to use the process of this court to compel witnesses to come to court and testify on your behalf.
 

 If you chose to go to trial you would have the right to have the jury instructed you are presumed to be innocent. In order to convict all 12 jurors would have to agree on your guilt, and they would have to find you guilty beyond a reasonable doubt.
 

 Also, if you were tried by a jury and convicted you could appeal that conviction to the Supreme Court or Court of Appeals of this state, and an attorney would be appointed to represent you for appeal purposes in the event you couldn’t afford to hire a lawyer. But by entering a plea of guilty, there
 
 *654
 
 cannot be any appeal whatsoever from these proceedings.
 

 Mr. Dickerson, do you understand all the constitutional rights I’ve gone over with you, as well as those listed in Paragraph 6 of this petition to enter a plea of guilty?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Is it your desire at this time to waive or give those constitutional rights up and enter a plea of guilty to the charges of aggravated assault and armed robbery?
 

 THE DEFENDANT: Yes, sir.
 

 ¶ 7. We conclude that Dickerson’s plea was voluntarily and intelligently entered, as he acknowledged that his attorney had advised him of the nature of the charges against him and the consequences of his guilty plea. Further, he was informed of his right to have a jury decide whether he committed aggravated assault and armed robbery as well as of the consequences of waiving his right to a jury trial.
 

 ¶ 8. Dickerson also asserts that he should have been afforded a competency hearing. However, we decline to address this issue, as it is raised for the first time on appeal.
 
 Dunn v. State,
 
 693 So.2d 1333, 1339 (Miss.1997) (quoting
 
 Crowe v. Smith,
 
 603 So.2d 301, 305 (Miss.1992)).
 

 ¶ 9. As for Dickerson’s assertion that his attorney failed to inform the court of his mental status, we conclude that Dickerson did not inform the court of any mental disability that he suffers from when he had the opportunity to do so. When asked by the trial judge during the plea qualification hearing whether he suffers from any mental problems, he responded that he did not. Specifically, the trial judge asked Dickerson whether he suffers from any “disabilities of [the] mind or problems with [his] thought processes or problems that would interfere with [his] ability to understand [the] proceedings.” Dickerson responded that he did not. Also, in his Petition to Enter Plea of Guilty, Dickerson acknowledged that his “physical and mental health are presently satisfactory.”
 

 ¶ 10. Therefore, we cannot hold Dickerson’s attorney in error for failing to inform the court that Dickerson suffers from some mental disability when Dickerson himself did not do so, despite being asked by the court about his mental health. Further, there is nothing in the record to establish that Dickerson, in fact, suffers from a mental disability. This issue lacks merit.
 

 ¶ 11. Dickerson also asserts that his attorney failed to advise him of the maximum and minimum sentences applicable to the charges and of the elements of the charges against him. Again, the record clearly belies Dickerson’s assertions, as reflected by the following exchange, which occurred at Dickerson’s guilty plea qualification hearing:
 

 THE COURT: I understand your attorney and the district attorney’s office have discussed a possible plea recommendation. It’s my understanding that it’s a little different from what’s written in the petition.
 

 But your attorney and Mr. Hill, assistant district attorney, advised me that they would recommend on each count that you be sentenced to serve a term of 19 years and 350 days. And that upon completion of 350 days, they would recommend that you be released onto post-release supervision for a period of 19 years. And further, you will be recommended — they will recommend that you pay all court costs and assessments. Now, is that your understanding of the recommendation that will be made to this Court?
 

 THE DEFENDANT: Yes, sir.
 

 
 *655
 
 THE COURT: Do you understand the Court does not have to accept that recommendation?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Do you understand for the crime of armed robbery you could be sentenced anywhere from suspended jail time, and if it was done by the Court, up to maybe a day less than your life expectancy, which means one day less than life in prison. And then if you were tried by a jury, they could actually sentence you to life in prison on armed robbery. Do you understand that?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: And then on aggravated assault, if you were tried by a jury and convicted you could be sentenced anywhere from suspended jail time to a maximum of 20 years in prison. And on each of these two charges you could be fined anywhere from suspended fine or no fine at all to up to $10,000 on each of those. Do you understand that?
 

 ⅜ ⅜ ⅜ ⅜ ⅜ ⅜
 

 THE COURT: Now, have you had an opportunity to go over the charges that have been brought against you in the case with your attorney....
 

 THE DEFENDANT: Yes, I have.
 

 THE COURT: Has he advised you of the elements of the crime of armed robbery and the elements of the crime of aggravated assault, that being the facts the State would have to prove before you could be found guilty?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Has he also discussed with you any possible defenses you might have to the charges?
 

 THE DEFENDANT: What do you mean by that?
 

 THE COURT: A defense means a jury might look favorably upon your case or might find you not guilty.
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: So he has discussed that with you as well.
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Do you have any complaints at all about the representation you have received from [your attorney]?
 

 THE DEFENDANT: No, sir.
 

 THE COURT: Has he in all respects met the expectations of what you believe a lawyer representing you in a case such as this should have done for you?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Are you completely and totally satisfied in all respects with the representation you have received from [your attorney]?
 

 THE DEFENDANT: Yes, sir.
 

 ¶ 12. It is clear in this state that “[s]olemn declarations in open court carry a strong presumption of verity.”
 
 Harris,
 
 806 So.2d at 1130(¶ 9) (quoting
 
 Baker v. State,
 
 358 So.2d 401, 403 (Miss.1978)). Based on the exchanges set forth in the colloquy above, we conclude that Dickerson has failed to show that his attorney’s representation was deficient and that he was prejudiced as a result of that representation. The record reflects that he informed the court that his attorney had advised him of the elements of the charges against him, as well as of the maximum and minimum sentences that he could receive. This issue lacks merit.
 

 ¶ 13. Finally, we note that Dickerson offered only his affidavit, attached to his reply brief, to support his claim of ineffective assistance of counsel. Our appellate courts have “implicitly recognized in the post-conviction relief context that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995) (citing
 
 Brooks v.
 
 
 *656
 

 State,
 
 573 So.2d 1350, 1354 (Miss.1990)). Accordingly, we find that the circuit court properly denied Dickerson’s PCR motion.
 

 ¶ 14. Dickerson further alleges that his sentence is illegal because he was released on post-release supervision the day that he was sentenced. We find nothing illegal about Dickerson’s sentence. As noted, he was sentenced to 19 years and 350 days in the custody of the MDOC on each charge. The circuit judge ordered Dickerson released on post-release supervision after he served 350 days. However, because Dickerson was given credit for time that he had already served, he was released on post-release supervision the same day. There is no merit to this issue.
 

 ¶ 15. In his last issue, Dickerson asserts that the circuit court erred in failing to grant him an evidentiary hearing. Dickerson contends that the circuit judge did not inform him that by pleading guilty he waived his right to a jury trial. However, as we have already pointed out, the record contradicts this assertion and reveals that the circuit judge informed Dickerson of his constitutional right to a jury trial and asked him whether he wanted to waive this right and enter a plea of guilty to the charges. Dickerson responded by saying, ‘Tes, sir.” Therefore, we find no merit to this issue.
 

 ¶ 16. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.