LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On January 22, 2007, Richard K. Dickerson pleaded guilty in the Grenada County Circuit Court to one count of aggravated assault and one count of armed robbery. He was sentenced on each count to nineteen years and 350 days in the custody of the Mississippi Department of Corrections (MDOC), and upon his completion of 350 days, the remaining nineteen years were ordered to be served under post-release supervision. The sentences were ordered to run concurrently.
¶ 2. Upon his release, Dickerson violated the terms of the post-release supervision by testing positive for cocaine, failing to report to the MDOC as directed, failing to pay monthly supervision fees, and failing to pay court costs. Dickerson was ordered to serve the remaining nineteen years of his sentence. Dickerson filed a motion for post-conviction relief (PCR), asserting that his lawyer was ineffective; his guilty plea was involuntary; and his sentence was illegal. The trial court summarily denied the motion. This Court affirmed the decision of the trial court. Dickerson v. State, 37 So.3d 651 (Miss.Ct.App.2009).
¶ 3. Dickerson then filed a second PCR motion, which the trial court denied as a successive writ. Dickerson now appeals the denial of his second PCR motion, arguing that his sentence is illegal. We find Dickerson’s appeal is procedurally barred and without merit.
STANDARD OF REVIEW
¶ 4. ‘When reviewing a lower court’s decision to deny a [motion] for post-conviction relief [the appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.” Reeder v. State, 783 So.2d 711, 714 (¶ 5) (Miss.2001) (quoting Pickett v. State, 751 So.2d 1031, 1032 (¶8) (Miss.1999)).
DISCUSSION
¶ 5. Dickerson argues that his sentence is illegal because a convicted felon cannot receive a suspended sentence. Dickerson cites to Mississippi Code Annotated section 47-7-33 (Rev.2011), which states that a trial court has the authority to suspend a defendant’s sentence “except ... where the defendant has been convicted of a felony on a previous occasion.... ” Dickerson argues that because he was a four-time convicted felon, his sentence was in violation of the law.
¶ 6. Dickerson’s appeal is barred as a successive writ. Miss. Code Ann. § 99-39-23(6) (Supp.2011). Under section 99-39-23(6), a movant is prohibited from filing successive writs challenging his or her conviction unless an exception is shown. Id. *649 Dickerson has shown no exception to this rule, and the issue raised in his PCR motion has already been decided by this Court. Dickerson, 37 So.3d at 652-53 (¶¶ 1-2).
¶ 7. Notwithstanding the procedural bar, we also find Dickerson’s argument without merit. Dickerson argues he was not eligible to serve a suspended sentence since he was a prior convicted felon. However, Dickerson was not given a suspended sentence. He was placed on post-release supervision. Thus, not only is this appeal procedurally barred, the issue raised by Dickerson is without merit.
¶ 8. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. IRVING, P.J., AND ROBERTS, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MYERS, J., NOT PARTICIPATING.