CARLTON, J.,
concurring in part and in result:
¶ 16. I concur in result and in part with the opinion of the majority. I concur with the majority that the circuit court possessed authority to revoke Davis’s post-release supervision based upon an incident occurring after he was placed on post-release supervision.[1] This finding by the Court resolves the issue on appeal in this case.
¶ 17. I respectfully submit however that the majority’s further comment that post-release supervision cannot be revoked for an incident occurring while on ERS to be overly broad and also unnecessary to the disposition of the case before us. As previously stated, the circuit court herein revoked Davis’s post-release supervision due to misconduct that occurred after Davis was placed on post-release supervision, *952 and no “incident” occurring while on ERS is at issue before us in this case.
¶ 18. I respectfully submit that the majority’s opinion over broad in finding that the circuit court possessed no jurisdiction for “incidents” occurring while the defendant was on ERS, since jurisdiction of the circuit court depends on whether the “incident” at issue constituted felonious criminal misconduct that violated the terms and conditions of the suspension or post-release supervision. The conditions of a sentence suspended by the circuit court would not include mere technical violations of the ERS-program rules that fail to constitute felonious misconduct in violation of stated conditions. If a defendant engaged in criminal, felonious misconduct while on ERS that violates the previously imposed conditions of his suspension, then the sentencing circuit court would certainly possess jurisdiction to revoke the suspended sentence for commission of such felonious conduct.[2] If the misconduct simply constitutes a mere violation of the MDOC’s ERS program, and not a felony offense violating the previously imposed conditions of suspension, then I agree that such a technical rule violation falls within the province of the MDOC to determine.
¶ 19. I certainly agree that the MDOC possesses authority to operate and implement the MDOC intensive supervision program and its ERS program, as well as authority to determine violations of the rules of these programs by offenders. However, the MDOC’s statutory authority to regulate its programs for offenders fails to divest the circuit court of its original jurisdiction to determine if the lawful conditions of a suspended sentence were breached by any felonious conduct of an offender. If a sentencing circuit court bases a suspended sentence, or post-release supervision, upon a condition of good behavior, a defendant thereafter breaches that condition by the commission of a crime.[3] As acknowledged by our supreme court in Fuller v. State, 57 So. 6, 8 (Miss.1912), the sentencing trial court possesses inherent power to suspend a sentence on the condition of good behavior — and that condition is violated by any subsequent criminal conduct by the defendant.[4] See also Johnson v. State, 925 So.2d 86, 103 (¶ 32) (Miss.2006) (acknowledging authority of circuit and county courts to suspend convicted felon’s sentence).
¶ 20. The Fuller court found that our state constitution authorizes the circuit court’s inherent authority and jurisdiction. *953 Id. Indeed, Article 6, Section 156 of the Mississippi Constitution establishes original jurisdiction in the circuit courts over all matters criminal and civil matters in this state not vested by the constitution in some other court. Mississippi Code Annotated section 47-7-29 (Rev.2011) establishes the authority to prosecute a prisoner for felonies committed while on ERS, and in so doing, this statute acknowledges the circuit court’s jurisdiction to impose sentences on offenders for felonies committed while on ERS.[5] Since statutes in pari materia are to be construed together, then logically the circuit court also possesses authority to revoke a suspended sentence for the commission of a felony while on ERS. See generally Miss. Dep’t. of Transp. v. Allred, 928 So.2d 152, 155 (¶ 16) (Miss.2006).
¶ 21. The majority cites to Mississippi Code Annotated section 47-5-138(6) (Supp. 2013) for the asserted proposition that Davis remains under the MDOC’s “sole” jurisdiction when released from incarceration and placed in the MDOC’s ERS program. As stated, I certainly agree that section 47-5-138(6) gives the MDOC the authority to promulgate ERS rules and regulations, as well as the jurisdiction to operate the ERS program for offenders sentenced to MDOC custody. I also certainly agree that this statute gives the MDOC authority and jurisdiction to determine if an inmate violated the rules of the MDOC’s ERS program, and the authority and jurisdiction to determine whether an inmate may be released early for his successful completion of the requirements of the MDOC’s ERS program.[6] However, this statute fails to divest the sentencing circuit court of its original jurisdiction and inherent constitutional authority to revoke a previously suspended sentence, or post-release supervision, due to a breach of conditions of the suspension, such as commission of criminal felonious misconduct.[7]
¶ 22. With respect to divestiture of jurisdiction, our supreme court’s precedent holds that existing jurisdiction is not to be *954 inferred as having been withdrawn where the constitutional or legislative pronouncement of the withdrawal of jurisdiction is not clear and unambiguous. See Fuller, 57 So. at 8. We should therefore not infer that jurisdiction has been withdrawn in this case, or abdicate judicial powers and duties, since no constitutional or legislative pronouncement of such withdrawal exists to divest the circuit court of its original jurisdiction, at the relevant times applicable to this case. Id. (“The Legislature cannot authorize courts to abdicate their own powers and duties’^.] ).[8]
¶ 23. The court in Arant v. Hubbard, 824 So.2d 611, 614 (¶ 12) (Miss.2002) (citation omitted), explained that the “the language of an act designed to divest a court of its jurisdiction must express the intent with such clearness as to leave no room for doubt.” The Arant court then found that the statute at issue in that case failed to clearly and unambiguously provide that jurisdiction was to be divested from the circuit court. Therefore the Arant court calculated that the act at issue established concurrent, not exclusive, jurisdiction by also vesting the justice court with that jurisdiction. Id. at 615 (¶¶ 13-14). The Texas Criminal Court of Appeals cited Fuller in its discussion of Snodgrass v. State, 67 Tex.Crim. 615, 150 S.W. 162, 166, 178 (1912), explaining that judicial construction cannot affect the supreme law embodied in our constitution and “constitutional restraints are overstepped where one department of government attempts to exercise powers exclusively delegated to another.”
¶ 24. I therefore respectfully submit that the majority opinion is overly broad and unnecessary in finding that a sentencing circuit court lacks jurisdiction in a criminal case to revoke a previously suspended sentence, or post-release supervision, for an “incident” on ERS.[9] Since the jurisdiction issue involves consideration of whether the incident committed constituted a mere violation of the MDOC’s technical rules, or whether the misconduct constituted a felony violating the previously imposed conditions of the suspension. Again, the MDOC certainly possesses statutory authority to determine whether a violation of the ERS program’s rules and regulations occurred, but the MDOC’s authority over its programs fails to divest the circuit court of its jurisdiction.[10] Section 156 of the Mississippi Constitution establishes original jurisdiction in criminal matters with the circuit court, and nothing in section 47-5-138 divests the circuit court of its jurisdiction. Accordingly, I concur in part and in result with the decision of the majority.
JAMES, J., JOINS THIS OPINION IN PART.

. This separate opinion includes no comment as to the application of the 2014 amendments of Mississippi’s sentencing statutes as set forth in House Bill 585, section 54, since they were not in effect during the time periods relevant to this case. House Bill 585 section 54, to be codified in chapter 7 of title 47 of the Mississippi Code, gives the MDOC authority to impose graduated sanctions as an alternative to judicial modification or revocation, as provided in Mississippi Code Annotated sections 47-7-34 (Rev.2011) and 47-7-37 (Rev.2011). In this bill, the Legislature also provides that the Act takes effect from and after July 1, 2014.

. The circuit court would possess such jurisdiction until completion of the sentence originally imposed by the court.

. Miss.Code Ann. § 47-7-34(b) (Rev.2011) (period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including the requirement that the defendant abide by any terms and conditions as the court may establish; failure to abide by such terms and conditions shall be grounds to terminate the period of post-release supervision); Miss.Code Ann. § 47-7-35 (Rev.2011) (permissible conditions of probation or post-release supervision); see Pickett v. State, 751 So.2d 1031, 1032-33 (¶¶ 9-10) (Miss.1999); Crabb v. State, 55 So.2d 485, 485 (Miss.1951) (In a habeas proceeding determining the validity of the revocation of the suspension of sentences, a petitioner’s breach of a condition of good behavior upon the suspension of the sentences was not required to be shown beyond a reasonable doubt).

.Leonard v. State, 271 So.2d 445, 447 (Miss.1973) (during period of probation, power of court continues to vest in sentencing court to subsequently impose sentence if defendant violates conditions of probation); see also Miss. Att'y Gen. Op., 2003-0113, 2003 WL 21003307, McCormick (Mar. 28, 2003) (circuit court possesses authority to impose conditions to a suspended sentence, including participation in community-service program).

. Pickett, 751 So.2d at 1032-33 (¶ 10) (The supreme court held that a defendant’s suspended sentence could be revoked even though he had not been placed on probation where that suspended sentence was conditioned upon the defendant's good behavior, the defendant knew of that condition, and the defendant clearly violated that condition.).

. I also agree that courts are statutorily prohibited from requiring the completion of the intensive supervision program as a condition of probation or post-release supervision. If an inmate violates a condition of the intensive supervision program, like the ERS program, then the MDOC possesses jurisdiction to determine whether a violation of the rules of that MDOC program occurred. Again, the MDOC operates the ERS program and determines if an offender violates the rules of that program. However, if an offender violates the conditions of that program by criminal misconduct, where that misconduct violates not only the rules of that MDOC program but also violates Mississippi criminal statutes and breaches a condition of a previously suspended sentence, or post-release supervision, then I submit that the sentencing trial court retains and possesses inherent authority to revoke its previously suspended sentence. The sentencing trial court possesses th (Rev.2011) is inherent authority until completion of the sentence. See Miss.Code Ann. § 47-5-1003 (prohibits requirement of completion of intensive supervision program as condition of probation or post-release supervision); compare Leonard v. State, 271 So.2d 445, 447 (Miss.1973) (during period of probation, power of court continues to vest in sentencing court to subsequently impose sentence if defendant violates conditions of probation); Crabb, 55 So.2d at 485 (breach of condition of good behavior not required to be shown beyond reasonable doubt); Fuller, 57 So. at 6 (court possesses inherent power to suspend sentence on condition of good behavior that is violated by subsequent criminal conduct).

.See Miss.Code Ann. § 47-7-33 (Rev.2011); Evans v. State, 846 So.2d 301, 303 (¶ 6) (Miss. Ct.App.2003); Reaves v. State, 749 So.2d 295, 296-97 (¶¶ 6-7) (Miss.Ct.App.1999).

. As noted, this separate opinion does not address or comment upon the 2014 amendment to sentencing statutes that will take effect July 1, 2014.

. See Miss. Const, art. 6, § 156 (providing that a circuit court possesses original jurisdiction in all criminal matters in this state not vested in some other court).

. Once the defendant is placed on probation, he is, according to section 47-7-33, under the supervision of the MDOC, and violation of the probationary conditions does not remove the defendant from that supervision; rather, the defendant remains under the MDOC’s supervision until further action is taken by the court, such as revocation of probation and imposition of the suspended sentence or continuance of the probation. Miss. Att’y Gen. Op., 1989-503246, 1989 WL 503246, Black (June 19, 1989).